UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUTH L. NYBERG,

          Plaintiff,

     v.                           CASE NO. 8:04-CV-1321-T-MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

          Defendant.
_____/

## ORDER

Pursuant to 42 U.S.C. § 405(g), the Plaintiff seeks review of the Commissioner's decision denying her Disability Insurance Benefits ("DIB").[1]  Essentially, Plaintiff argues the Administrative Law Judge ("ALJ") erred by 1) failing to accord her treating physician's opinions proper weight; 2) failing to use a medical expert to determine the onset date of her disability; and 3) failing to find a severe impairment or combination of impairments.  After reviewing the record, I find substantial evidence supports the ALJ's opinion and dismiss the Plaintiff's complaint.

*Background*

Plaintiff, who was 50 years old at the time her disability insured status expired on September 30, 2001, completed high school and two years of college.  She worked as a daycare provider and school clinic aide, and alleges she became disabled on June 1, 2000, due to Parkinson's disease, Hashimoto's disease, asthma, allergies and depression.  She first

_____

[1] The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c) (doc. 13).

filed for disability benefits on April 18, 2002.  The state agency denied benefits initially and on reconsideration, and thereafter an Administrative Law Judge issued an unfavorable decision on February 25, 2004.  The Appeals Council denied review and Plaintiff filed an appeal to this court.  The case is now ripe for review.[2]

*Standard of Review*

To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 404.1520.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 404.1520(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related

---

[2]  The ALJ accurately reports Plaintiff's medical history and I adopt that portion of his decision for purposes of this report and recommendation. (R. 22-25).

functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience.  A claimant is entitled to benefits only if unable to perform other work.  *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 CFR §§ 404.1520(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings.  *Richardson v. Perales*, 402 U.S. 389 (1971).  The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists.  *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services,* 21 F.3d 1064 (11th Cir. 1994).  The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that she has conducted the proper legal analysis, mandates reversal.  *Keeton,* 21 F.3d at  1066; *Jamison v. Bowen,* 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*Discussion*

*1. Myrna Trowbridge, D.O.*

Plaintiff claims the ALJ erred by failing to consider the opinions of her treating doctor, Myrna Trowbridge.  In response, the Commissioner acknowledges the ALJ failed to discuss Dr. Trowbridge's opinions but argues harmless error since Dr. Trowbridge did not treat Plaintiff during the relevant time period.

Dr. Trowbridge began treating Plaintiff on April 3, 2000, several months prior to her alleged disability onset date, and continued to treat her through the expiration of her insured status, September 30, 2001.  Specifically, the Plaintiff asserts that the ALJ did not consider Dr. Trowbridge's report dated June 7, 2002 (R. 151).  This report indicates "the right hand/arm tremor is severe at times and the handwriting has become characteristically small.  She is still writing legibly, but this requires slow and painstaking effort.  In addition, her overall stamina is much decreased, and ordinary tasks are difficult to complete because she must stop to rest every 10 to 15 minutes.  She is beginning to have significant weakness and achiness in her lower extremities."  After consideration, I find the ALJ's failure to discuss Dr. Trowbridge's report and the other records from her office harmless error.  In the report, which post-dates the relevant time period, Dr. Trowbridge states that she was treating Plaintiff's hypothyroidism and that Dr. Pallone managed Plaintiff's Parkinson's and depression.  *See* R. 150.  Further, the bulk of  the medical evidence submitted from Dr. Trowbridge consists of lab tests, correspondence and records from other physicians.  *See* R. 147- 201.

Most importantly, instead of relying on Dr. Trowbridge, the ALJ relied heavily on

4

the medical evidence from Dr. Jennifer Pallone, whom Dr. Trowbridge deferred to as the one treating Plaintiff's Parkinson's disease and depression and Dr. Richard French, both neurologists.  The ALJ notes in his decision that on March 14, 2000, Dr. French found Plaintiff had very mild right hemiparksonism and that upon examination there was no evidence of an essential postural tremor or other tremors.  On June 13, 2001, Plaintiff presented to Dr. Pallone with shoulder pain consistent with a diagnosis of Stage I Parkinson's disease.  On follow up, Dr. Pallone noted that Plaintiff's tremors were absent 75 percent of the time since taking Mirapex, and on March 4, 2002, Dr. Pallone noted Plaintiff's Parkinson's disease continued to improve to a satisfactory degree, though she still experienced the right upper extremity tremor and stiffness.  Reliance on the neurologists is proper, and I find that remand is not necessary since further consideration of Dr. Trowbridge's records would not reasonably alter the ALJ's findings.  *See McNealy v. Apfel*, 2000 WL 1844728 (S.D. Ala. 2000) (finding harmless error where ALJ failed to state the weight accorded to Plaintiff's neurologist);  *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988) citing *Gulf States Utilities Co. v. Ecodyne Corp.* 635 F.2d 517, 520 (5th Cir. Jan. 1981) (policy behind harmless error is to preserve judgment and avoid waste of time and remand not necessary where would produce same result while wasting time and resources).

### 2. *Depression*

Plaintiff contends that the ALJ erred in failing to find her depression a severe impairment.  She argues that Dr. Trowbridge note that she is only able to engage in limited stress situations and limited interpersonal relations established disability.  In response, the Commissioner agrees that the medical evidence shows depression but satates it fails to

establish the necessary continuous treatment for a twelve month period or any hospitalizations for any mental conditions. The Commissioner notes Dr. Trowbridge's recommendation that Plaintiff limit her exposure to stress was made more than eight months after the expiration of her insured status and her prescription of antidepressants was also after the expiration of Plaintiff's insured status.

Dr. Pallone prescribed antidepressant medications for Plaintiff in August 2001, however she did not indicate any functional limitations due to any mental impairments. In fact, Dr. Pallone's records from March 2002 indicate Plaintiff's depression and anxiety had improved after taking Prozac. Because the medical evidence fails to establish inability to engage in substantial gainful activity for a period of at least twelve months, I find the ALJ's decision that Plaintiff is not disabled due to depression is supported by substantial evidence. *See* 42 U.S.C. § 423(d)(1)(A).

*3. Onset date*

With regard to Plaintiff's final contention, given the available medical records and the alleged onset date, I find the ALJ did not err in failing to infer an onset date for Plaintiff's disability. The ALJ properly determined Plaintiff was not disabled at any time prior to her date last insured and thus, SSR 83-20, upon which Plaintiff relies, is inapplicable.

*D. Conclusion*

For the reasons stated, it is hereby

ORDERED:

1.      The Plaintiff's complaint is dismissed and the Commissioner's decision is

6

affirmed.

2.     The Clerk is directed to enter judgment for the Commissioner

IT IS SO ORDERED in chambers at Tampa, Florida on this 21st day of September,

2005.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE